# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50012 | **DATE** | 3/03/2011 |
| **CASE TITLE** | Reico Alexander (B-00294) vs. Gary P. Lopac | | |

**DOCKET ENTRY TEXT**

This case is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Plaintiff's motion for appointment counsel (Dkt. No. 4), and any other pending motions are denied as moot. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The cause is dismissed in its entirety.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT - OPINION

     Pro se plaintiff Reico L. Alexander, a prisoner at the Dixon Correctional Center, has brought this suit pursuant to 42 U.S.C. § 1983 challenging his treatment at Dixon against defendant Gary P. Lopac. (Dkt. No. 7). The Court previously denied plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), noting that he had over $2,000 in a checking account. (Dkt. No. 5). Plaintiff has paid the $350 filing fee. Pending before the Court is plaintiff's complaint for an initial review pursuant to 28 U.S.C. § 1915A, and his motion for appointment of counsel. (Dkt. No. 4). The complaint fails to state a claim on which relief may be granted, and so it must be dismissed pursuant to the Court's initial review under 28 U.S.C. § 1915A. This moots his motion for appointment of counsel.

     Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought by a prisoner if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The following facts, drawn from plaintiff's complaint, (Dkt. No. 7), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)). "To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S. at 89). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

     Plaintiff's case involves the denial of a position at the Dixon Correctional Center eyeglass industry, a vocational program that, according to plaintiff, "provides inmates with meaningful job training, experience and wages to assist them in their transition back into society." (Dkt. No. 7 at 3). Defendant Lopac is an IDOC employee in

charge of the program. Plaintiff applied for a position at the end of December 2002. (*Id*.). A few days later, Lopac informed plaintiff that there were no immediate openings, but would add him to a hiring waiting list. (*Id*.). In March 2003, plaintiff received a disciplinary ticket for wearing what were thought to be stolen eyeglasses. (*Id*.). The prison adjustment committee found plaintiff guilty on the ticket. (*Id*. at 4). Plaintiff did not hear about the eyeglass industry program position for many years. In August 2008, plaintiff contacted Lopac and inquired about his status. (*Id*. at 4). Lopac responded that he was removed from the hiring list back in 2003 because of the guilty finding on the disciplinary ticket. (*Id*.). Plaintiff determined that there is no set policy or administrative rule requiring his removal from the work program waiting list because of the disciplinary infraction. (*Id*. at 5). He raised this argument to no avail through grievances in 2008 and 2009. (*Id*. at 5-6). In August 2010, plaintiff learned that two inmates who had disciplinary infractions had been hired by Lopac. (*Id*. at 7). He also pursued this point through grievances until December 2010. (*Id*. at 8).

In Claim One, plaintiff raises an equal protection claim alleging that there is no rational basis for the fact that he was not hired because of a disciplinary ticket, while two other inmates with disciplinary tickets were hired. (*Id*. at 8-9). His second claim is that Lopac violated 5 ILCS 100/5-20 of the Illinois Administrative Procedure Act when he failed to set forth the standards for his hiring decisions. (*Id*. at 9). Plaintiff alleges that Lopac has discretion in his hiring decisions, but violated the Illinois Act by failing to set forth how he was going to exercise that discretion. Plaintiff seeks placement in the eyeglass program and an award of back pay. (Dkt. No. 7 at 10).

Turning to Claim One, "[t]he Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse, Wis.*, 595 F.3d 691, 695 (7th Cir. 2010) (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff's equal protection claim is a "class of one" claim because he believes he was improperly singled out for discriminatory treatment, *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010), and he does not allege that he has been discriminated against because of a protected classification such as race, sex or national origin. *Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010). The question in a class-of-one claim is whether plaintiff was "singled out arbitrarily, without rational basis, for unfair treatment." *Id*. (citing *Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir. 2010); *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009)).

The Supreme Court in *Engquist v. Oregon Department of Agriculture* held that a "'class-of-one' theory of equal protection has no place in the public employment context.'" *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 703 (7th Cir. 2010) (citing 553 U.S. 591 (2008)). In *Engquist*, an Oregon state employee was denied a promotion and was later laid off. 553 U.S. at 594-95. She raised a number of claims regarding her termination including a class-of-one claim. *Id*. at 595. In rejecting the viability of a class-of-one claim, the Court explained that it was a "poor fit in the public employment context." *Id*. at 605. "To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship." *Id*.

The Court recognizes that *Engquist* considered public employment hiring while the instant suit is hiring in a prison industry. However, *Engquist's* reasoning is equally applicable here. Plaintiff believes that defendant's exercise of his broad discretion to exclude him from the eyeglass position is an equal protection violation. However, situations involving this type of broad discretion are exactly what the *Engquist* Court recognized were not covered by a "class-of-one" claim. *See Abcarian*, 617 F.3d at 939 ("We have interpreted *Engquist* to stand for the broad proposition that inherently subjective discretionary governmental decisions may be immune from class-of-one claims."); see also *Davis v. Villagrana*, 2011 WL 318328, *3-4 (E.D. Col. Feb. 1, 2011 (class-of-one claim does not apply in prisoner employment context); *Russell v. City of Philadelphia,* 2010 WL 2011593, *9 (E.D. PA. May 19, 2010) (same); *Ellibee v. Roberts*, 2009 WL 3185439, *2-3 (D. Kan. Sept. 30, 2009) (same). Additionally, it would be anomalous to allow a prisoner to bring such a claim when corrections officers themselves cannot. Furthermore, even if plaintiff's class-of-one claim survives *Engquist*, there is certainly a rational reason for plaintiff's treatment — he was adjudicated guilty of a disciplinary ticket.

Claim One is also barred by the statute of limitations. Plaintiff's equal protection claim is controlled by a two-year statute of limitations. *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 805 (7th Cir. 2008). Plaintiff's claim accrued when he knew or should have know that his constitutional rights were allegedly violated. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (citations omitted). Here, plaintiff was removed from the hiring list in 2003,

| STATEMENT - OPINION |
|---|

and yet failed to investigate for more than five years before inquiring of Lopac about his status. His pursuing of grievances in 2008 through 2010, although potentially qualifying for tolling, *see Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008) (citing *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)), does not excuse the five years of untolled time from 2003 to 2008. The statute of limitations defense is clear from the face of plaintiff's complaint and so it is appropriate to dismiss on this ground as well. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (citations omitted).

Turning to Claim Two, the Court recognizes that this is a state law claim. Plaintiff does not allege diversity of citizenship and in fact only asserts supplemental jurisdiction under 28 U.S.C. § 1367. (Dkt. No. 7 at 1). The Court recognizes that the general rule in this Circuit is that the Court should relinquish jurisdiction over a supplemental state law claim when the federal claim is dismissed before trial. *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009). However, this case falls within the recognized exception of allowing for adjudication of the state claim in federal court when it is clear that the supplemental claim is meritless. *Golden Years Homestead, Inc.*, 557 F.3d at 462.

As discussed above, plaintiff's claim is clearly untimely. The statute of limitations for plaintiff's constitutional claim in Claim One is drawn from the state statute of limitations, and so the statute of limitations for his state claim will be controlled by the same statute of limitations determination. *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009). Furthermore, plaintiff misreads 5 ILCS 100/5-20, the statute invoked in Claim Two. The statute states that "Each rule that implements a discretionary power to be exercised by an agency shall include the standards by which the agency shall exercise the power. The standards shall be stated as precisely and clearly as practicable under the conditions to inform fully those persons effected." 5 ILCS 100/5-20. However, plaintiff is not challenging a rule implemented by an agency, but instead is challenging a hiring decision made by Lopac. There is no agency promulgated rule at issue. The Illinois statute is inapplicable.

For the foregoing reasons, this case is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel (Dkt. No. 4), and any other pending motions are denied as moot. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). This cause is dismissed in its entirety.

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."